IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE INDIANA RAIL ROAD COMPANY, ASSOCIATION OF AMERICAN RAILROADS, AMERICAN SHORT LINE AND REGIONAL RAILROAD ASSOCIATION, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ILLINOIS COMMERCE COMMISSION, together with its members, CARRIE ZALEWSKI, BRIEN J. SHEAHAN, SADZI MARTHA OLIVA, D. ETHAN KIMBREL, and MARIA S. BOCANEGRA, in their official capacities, | ) ) ) ) ) ) ) ) ) | No. 1:19-cv-06466 |
| Defendants, | ) ) | |
| and | ) ) | |
| THE BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN and TRANSPORTATION OF THE SHEET METAL, AIR, RAIL TRANSPORTATION WORKERS, | ) ) ) ) ) | The Honorable EDMOND E. CHANG, |
| Intervenor-Defendants. | ) ) | Judge Presiding. |

**STATE DEFENDANTS' MOTION TO CORRECT JUDGMENT
PURSUANT TO FED. R. CIV. P. 60(a)**

State Defendants Illinois Commerce Commission ("ICC") and its members in

their official capacities, Carrie Zalewski, Sadzi Martha Oliva, D. Ethan Kimbrel,

Maria S. Bocanegra, and Brien J. Sheahan,[1] by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, hereby move this court under Fed. R. Civ. P. ("Rule") 60(a) to correct clerical mistakes in the judgment entered on October 1, 2020 (Doc. 97). Specifically, State Defendants ask this court to order that the judgment be corrected to reflect that all claims against the ICC are dismissed and that the 42 U.S.C. § 1983 claim against State Defendants is dismissed with prejudice, as stated in this court's order of September 30, 2020 (Doc. 96 at 11-13). Moreover, State Defendants intend to file a notice of appeal from a portion of this court's September 30 order and October 1 judgment. If this court is unable to rule on this motion before that appeal is docketed in the United States Court of Appeals for the Seventh Circuit, then State Defendants ask this court to indicate whether it is inclined to grant this motion. *See* 7th Cir. R. 57; Fed. R. Civ. P. 60(a).

In support of this motion, State Defendants state as follows:

1. Rule 60(a) permits this court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." Fed. R. Civ. P. 60(a). Relief is available under Rule 60(a) when the judgment does not reflect "what the judge actually meant;" that is, "the flaw lies in the translation of the original meaning to the judgment." *Klingman v. Levinson*, 877 F.2d 1357, 1360-61 (7th Cir. 1989) (internal quotations omitted).

---

[1] Michael T. Carrigan should be substituted for Brien J. Sheahan because Carrigan has succeeded Sheahan as a commissioner. *See* Fed. R. Civ. P. 25(d).

2.      In this court's September 30, 2020 memorandum opinion and order, it ruled that "the ICC must be dismissed as a named party on all counts."  Doc. 96 at 11.  This court also ruled that the "Section 1983 claim is dismissed with prejudice."  *Id.* at 12; *see id.* at 13 (same).

3.      The judgment entered under Rule 58 does not reflect the entry of this relief.  Instead, it states only that "[d]eclaratory judgment [is] entered in favor of the Plaintiffs and against the Defendants.  The Crew Size Law, Public Act 101-0294, Section 2d, is preempted by the Federal Railroad Administration Withdrawal Order, 84 Fed. Reg. 25, 735 (May 29, 2019)."  Doc. 97.  Because the judgment does not capture the full scope of relief entered by this court, it should be amended to include that the ICC is dismissed from the action on all counts and that the 42 U.S.C. § 1983 claim against State Defendants is dismissed with prejudice.  *See Am. Fed'n of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994) (district court acted properly under Rule 60(a) in directing clerk to correct "clerical mistake that occurred when the clerk of the court mistakenly translated the district court's order into a judgment").

4.      If "an appeal has been docketed and while it is pending," however, this court may only correct mistakes under Rule 60(a) "with the appellate court's leave."  Fed. R. Civ. P. 60(a).  In that situation, this court should "indicate whether it is inclined to grant the motion," and if it is so inclined, the Seventh Circuit "will remand the case for the purposes of modifying the judgment."  7th Cir. R. 57.  As explained, State Defendants intend to file a notice of appeal in this matter, and so if

that appeal is docketed before this court resolves this motion, the State Defendants request that the Court indicate whether it is inclined to grant this motion.

WHEREFORE, State Defendants respectfully request that, if their notice of appeal has been docketed in the Seventh Circuit, this court first indicate whether it is inclined to grant this motion, and that it ultimately order that the judgment be corrected to reflect the dismissal of all claims against the ICC and the dismissal of the 42 U.S.C. § 1983 claim against State Defendants with prejudice.

Respectfully submitted,

KWAME RAOUL
Attorney General
State of Illinois

By: /s/ Erin Walsh
ERIN WALSH
Assistant Attorney General
100 West Randolph Street
13th Floor
Chicago, Illinois 60601
(312) 814-6122
ewalsh@atg.state.il.us

## CERTIFICATE OF FILING AND SERVICE

I certify that on October 29, 2020, I electronically filed the foregoing **State Defendants' Motion to Correct Judgment Pursuant to Fed. R. Civ. P. 60(a)** with the Clerk of the Court for the United States District Court for the Northern District of Illinois, Eastern Division, by using the CM/ECF system.

I further certify that the other participants in this case are CM/ECF users and will be served by the CM/ECF system.

Daniel J. Mohan
mohan@daleymohan.com

Jacob T. Spencer
jspencer@gibsondunn.com

Kerry Mohan
kmohan@daleymohan.com

Sean M. Sullivan
ssullivan@daleymohan.com

Thomas H. Dupree, Jr.
tdupree@gibsondunn.com

Matthew Pierce
mjp@ulaw.com

Michael S. Wolly
mwolly@zwerdling.com

Joshua D. McInerney
jmcinerney@barkanmeizlish.com

Joel Abbott D'Alba
jad@ulaw.com

Matthew Scott Jarka
msj@ulaw.com

Ryan A. Hagerty
rah@ulaw.com

/s/ Erin Walsh
ERIN WALSH
Assistant Attorney General
100 West Randolph Street
13th Floor
Chicago, Illinois 60601
(312) 814-6122
ewalsh@atg.state.il.us